UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

**Michael R. Torrey-White**,

    **Plaintiff,**

vs.

**Ramsey County; Ramsey County Sheriff's Deputies Kyle Williams, Dallas Edeburn, Sara Naglosky, and Amanda Skelly, in their official and individual capacities,**

    **Defendants.**

Court File No.

**COMPLAINT WITH JURY DEMAND**

---

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution, and under the common law of the State of Minnesota, against Ramsey County and Ramsey County Sheriff's Deputies Kyle Williams, Dallas Edeburn, Sara Naglosky and Amanda Skelly in their individual and official capacities.

2. It is alleged that the Defendant Officers made an unreasonable search and seizure of Plaintiff's person, engaged in excessive force and failed to protect Plaintiff, violating his rights under the Fourth and/or Fourteenth Amendment to the United States Constitution, and that these violations were committed as a result of policies and customs of Ramsey County. It is further alleged that Defendants assaulted and battered Plaintiff and engaged in malicious prosecution under Minnesota state law.

## JURISDICTION

3. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law pursuant to 28 U.S.C. § 1367.

## VENUE

4. This Court is the proper venue for this proceeding under 28 U.S.C. § 1391, as the material events and occurrences giving rise to Plaintiff's cause of action occurred within the State of Minnesota.

## PARTIES

5. Plaintiff Michael R. Torrey-White ("Mr. Torrey-White") was at all material times a resident of the State of Minnesota and of full age.

6. Defendant Ramsey County is a municipal corporation and the public employer of Sheriff's Deputy Kyle Williams.

7. Defendants Kyle Williams ("Williams"), Dallas Edeburn ("Edeburn"), Sara Naglosky ("Naglosky"), and Amanda Skelly ("Skelly"), collectively known as "Individual Defendants" were at all times relevant to this complaint duly appointed and acting as Deputies of the Ramsey County Sheriff's Office, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Minnesota and/or Ramsey County and/or the City of Falcon Heights.

## FACTS

8. On February 28, 2020, Ramsey County Dispatch received multiple calls about an altercation in a parking lot behind a Pizza Hut between a man who was attempting to break the windows of a vehicle and the driver who was attempting to hit the man with her vehicle. The man was described by Dispatch as African American, in his late 30s, wearing a black hoodie, black pants, and a hat with the letters LSW on it.

9. Mr. Torrey-White was 67-years-old on the day of this incident. He has significant hearing loss and uses hearing aids. He also has mobility issues and uses a walker.

10. Mr. Torrey-White lives in an apartment complex near the parking lot where the incident occurred. His daughter, Madeline Torrey-White, lives in the same complex. Both apartments have windows that face the parking lot where the incident occurred.

11. Ms. Torrey-White saw a man dodging a vehicle in the parking lot and called Ramsey County dispatch. She then observed tire tracks from the vehicle very near her parked truck.

12. Ms. Torrey-White asked her father to check on her parked truck.

13. Mr. Torrey-White left his apartment without inserting his hearing aids and walked toward his daughter's parked car, using his walker to ambulate.

14. Mr. Torrey-White was wearing a white shirt and brown windbreaker jacket. His jacket was open such that his white shirt was quite visible. He was not wearing a hat.

15. Defendant Williams arrived on the scene in his squad vehicle. He saw Mr. Torrey-White, a Black man, standing near a truck and decided he met the description of the suspect he was looking for, despite the significant and obvious differences in age and dress as described by the 911 Dispatcher. Further, none of the callers described the man in the altercation as using a walker.

16. After inspecting the tire tracks and his daughter's truck, Mr. Torrey-White began to walk back to his apartment. He suddenly felt a hand on his right arm from behind, which startled him.

17. Defendant Williams pushed Mr. Torrey-White into a brick wall, hitting his head and back against the wall. Mr. Torrey-White lost consciousness.

18. Mr. Torrey-White awoke to find himself on the ground in handcuffs. He asked what he had done wrong and Defendant Williams told him to "Shut up." He began to scream for his daughter, who came outside and took a picture of her father on the ground.

19. Mr. Torrey-White attempted to explain to Defendant Williams that the man he was looking for was coming around the corner from the restaurant in the complex. Defendant Williams ignored him.

20. Defendant Williams began to put pressure on Mr. Torrey-White's back. Mr. Torrey-White complained that he was having difficulty breathing.

21. By then, Defendants Edeburn, Naglosky, and Skelly had arrived on the scene and informed Mr. Torrey-White that he was being detained. At no point did any of these defendants attempt to stop Defendant Williams from engaging in excessive force.

22. Defendant Williams rolled Mr. Torrey-White onto his back. Despite a lack of probable cause to believe Mr. Torrey-White had a weapon, a female Deputy among the Defendants on the scene touched the front of Mr. Torrey-White's pants, in the area of his genitalia, and asked "What's this?" Mr. Torrey-White verbally objected to the offensive touch. This offensive touch was witnessed by his daughter, Ms. Torrey-White.

23. Despite a lack of probable cause to believe Mr. Torrey-White had a weapon, Defendant Williams searched Mr. Torrey-White's pockets and the pouch of his walker, scattering his belongings on the ground. His daughter, Ms. Torrey-White, picked them up.

24. One of the Defendant Deputies eventually removed the handcuffs from Mr. Torrey-White and let him go.

25. Mr. Torrey-White told the deputies that he was planning to file a complaint, which he did the next day.

26. Defendant Williams later falsified his police report and caused Mr. Williams to be falsely charged. Approximately nine days after Mr. Torrey-White filed his complaint, he was charged

with Obstructing Legal Process under Minn. Stat. 609.50.1(2) and Disorderly Conduct under under Minn. Stat. §609.72.1(3).

27. Mr. Torrey-White secured an attorney and attended five hearings related to the charges. His attorney requested discovery in the case, including body-worn camera footage. The judge ordered the Ramsey County Sheriff's Office to produce the body-worn camera footage. Despite this order, the footage was never produced.

28. During Mr. Torrey-White's trial on July 12, 2022, the Ramsey County Sheriff's Office failed to appear and failed to produce the body-worn camera footage as ordered. At that point, Mr. Torrey-White's charges were dismissed.

29. After the incident, Mr. Torrey-White went to Regions Hospital for care for head and back injuries caused by Defendant Williams' actions. Mr. Torrey-White's prior neck injury from an auto accident was exacerbated by Defendant Williams' actions.

30. Mr. Torrey-White also received services from a therapist and medication from a psychiatrist for post-traumatic stress disorder and depression as a result of the abuse he experienced at the hands of Defendant Williams.

31. As a result of Defendant Williams' actions, Mr. Torrey-White endured physical pain, suffering, and discomfort during the beating and detention.

32. As a result of the Defendant Williams' actions, Mr. Torrey-White suffered pain and injuries to his head and neck, including exacerbation of an existing neck injury.

33. As a result of the Defendant Williams' actions, Mr. Torrey-White suffered emotional/psychological trauma, anguish, and distress, including depressed mood, anxiety, fear, insecurity, difficulty sleeping, and diminished quality and enjoyment of life.

34. As a result of the Defendant Williams' actions, Mr. Torrey-White suffered shame, humiliation, and embarrassment.

35. As a result of the Defendant Officers' actions, Mr. Torrey-White required medical and psychological treatment and has incurred medical expenses.

36. As a result of the Defendants' actions, Mr. Torrey-White was forced to make numerous court appearances and defend himself against the false criminal charges fabricated by Defendant Williams, which were later dismissed Ramsey County Court.

## CLAIMS FOR RELIEF

### COUNT 1: 42 U.S.C. § 1983 – FOURTH AND/OR FOURTEENTH AMENDMENT UNREASONABLE SEARCH, SEIZURE, AND FAILURE TO PROTECT AGAINST ALL INDIVIDUAL DEFENDANTS

37. Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth.

38. Based on the above factual allegations, Defendant Williams, through his actions, acting under the color of state law, violated Plaintiff's constitutional right to remain free from unreasonable search, seizure and use of excessive force under the Fourth and/or Fourteenth Amendment to the United States Constitution when he attacked, tackled, and assaulted Plaintiff, all without justification.

39. Based on the above factual allegations, an as yet unidentified female Deputy, through her actions, acting under the color of state law, violated Plaintiff's constitutional right to remain free from unreasonable search, seizure and use of excessive force under the Fourth and/or Fourteenth Amendment to the United States Constitution when she touched Plaintiff's genitalia through his pants, without justification.

40. Based on the above factual allegations, Defendants Edeburn, Naglosky, and Skelly, through their actions, acting under the color of state law, violated Plaintiff's constitutional right to

remain free from unreasonable seizures and excessive use of force under the Fourth and/or Fourteenth Amendment to the United States Constitution by failing to protect Plaintiff from Defendant Officer Williams' excessive use of force. Defendants Edeburn, Naglosky, and Skelly observed the Defendant Officer Williams assaulting and using excessive force on Plaintiff and had the means and opportunity to prevent it, but nonetheless failed to protect Plaintiff from Defendant Officer Hanson's excessive use of force.

41. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

### COUNT 2: 42 U.S.C. § 1983 – FOURTH AND/OR FOURTEENTH AMENDMENT UNREASONABLE SEARCH, SEIZURE, EXCESSIVE FORCE AND FAILURE TO PROTECT AGAINST RAMSEY COUNTY

42. Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth.

43. Prior to February 28, 2020, Defendant Ramsey County developed and maintained policies and/or customs exhibiting deliberate indifference towards the constitutional rights of persons in Ramsey County or in the custody of the Ramsey County, which caused the violations of Plaintiff's constitutional rights.

44. It was the policy and/or custom of Defendant Ramsey County to inadequately supervise and train its employees, including Defendants Williams, Edeburn, Naglosky, and Skelly thereby failing to adequately prevent and discourage further constitutional violations on the part of its employees.

45. As a result of these policies and/or customs and lack of training, employees of the Defendant Ramsey County, including Defendants Williams, Edeburn, Naglosky, and Skelly believed that their actions would not be properly monitored by supervisory employees and that misconduct would not be investigated or sanctioned, but would be tolerated.

46. These policies and/or customs and lack of training were the cause of the violations of

Plaintiff's constitutional rights alleged herein.

### COUNT 3: ASSAULT AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW

47. Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth.

48. Based on the above factual allegations, individual Defendants assaulted Plaintiff. Specifically, Defendant Williams and an as yet unidentified female Deputy engaged in wrongful, malicious, unlawful, and intentional conduct intended to put Plaintiff in immediate, imminent, and direct fear and apprehension of an offensive touching when they attacked, tackled, and assaulted Plaintiff, all without justification.

49. As a direct and proximate result of this assault, Plaintiff suffered damages as aforesaid.

### COUNT 4: BATTERY AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW

50. Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth.

51. Based on the above factual allegations, Individual Defendants battered Plaintiff. Specifically, Defendant Williams engaged in intentional, offensive, and unpermitted contact with Plaintiff when he attacked, tackled, and assaulted Plaintiff, and an as yet unidentified female Deputy touched Mr. Torrey-White's genitalia through his pants, all without justification.

52. As a direct and proximate result of this battery, Plaintiff suffered damages as aforesaid.

### COUNT 5: MALICIOUS PROSECUTION AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW

53. Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth.

54. Based on the above factual allegations, the Defendant Officers committed malicious prosecution when they intentionally and with malice caused Plaintiff to be prosecuted for obstruction of the legal process without probable cause and without reasonable belief that the

prosecution will succeed. The prosecution terminated in Plaintiff's favor when all criminal charges against Plaintiff were dismissed.

55. Defendant Ramsey County is vicariously liable to Plaintiff for the Defendant Officers' malicious prosecution.

56. As a direct and proximate result of this malicious prosecution, Plaintiff suffered damages as aforesaid.

## RELIEF REQUESTED

**WHEREFORE, Plaintiff requests that this Court grant the following relief:**

a. Issue an order granting Plaintiff judgment against Defendants, finding that the Defendants violated Plaintiff's constitutional rights under the Fourth Amendment to the United States Constitution and that Defendants are liable to Plaintiff for all damages resulting from these violations;

b. Issue an order granting Plaintiff judgment against Defendants, finding that Defendants committed the torts of assault and battery under Minnesota state law and that Defendants are liable to Plaintiff for all damages resulting from these torts;

c. Award of compensatory damages to Plaintiff against all Defendants, jointly and severally;

d. Award of punitive damages to Plaintiff against all Defendants, jointly and severally;

e. Award of reasonable attorney's fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988;

f. Award of such other and further relief as this Court may deem appropriate.

**THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL.**

October 10, 2022                         By:   <u>s/ Paul J. Bosman</u>
                                                Paul J. Bosman
                                                Attorney License No. 0388865
                                                Attorney for Plaintiff
                                                2136 Ford Parkway, #5328
                                                Saint Paul, MN 55116
                                                Tel: (651) 485-7046
                                                Email: paul.bosman@gmail.com